IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KOSMAS VARGIAMIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1014 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                NOVEMBER 5, 2007

      Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[1] (Doc. No. 10) and the response thereto (Doc. No. 12). The court makes the following findings and conclusions:

      1.      On August 1, 2003, Kosmas Vargiamis ("Vargiamis") protectively filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of August 1, 2001. (Tr. 38-40). Throughout the administrative process, including an administrative hearing held on March 1, 2005 before an ALJ, Vargiamis' claims were denied. (Tr. 3-5; 8-16; 27; 28-31). Pursuant to 42 U.S.C. § 405(g), on March 15, 2007, Vargiamis filed his complaint in this court seeking review of that decision.

      2.      In his decision, the ALJ concluded that Vargiamis' back disorder constituted a severe impairment. (Tr. 12 ¶ 2; 15 Finding 2).[2] The ALJ further concluded that Vargiamis' impairment did not meet or equal a listing, that he retained the residual functional capacity ("RFC") to perform light exertional work, and that he was not disabled. (Tr. 13 ¶ 2; 14 ¶ 5, 15 ¶ 4; 15 Finding 2; 16 Findings 4, 10).

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

---

[1] Plaintiff filed a motion for summary judgment with his brief and statement of issues in support of request for review, which the court will construe only as a brief pursuant to the procedural order. (Doc. No. 5).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

4.      Vargiamis raises four arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A.      Vargiamis asserts that the ALJ erred in concluding that he could perform a full range of light work. Vargiamis bases his argument on the finding of the medical consultant that he was limited to sedentary work and could occasionally perform postural activities and the determination by a one time examiner, Jyothi Chinta, M.D. ("Dr. Chinta"), that he could not perform the lifting demands of light work and could not perform any postural activities. (Tr. 120-25; 126-31). 20 C.F.R. § 404.1527(d)(3) provides that the weight given to a medical opinion depends how well the opinion is supported by the evidence in the record. The court also notes that 20 C.F.R. § 404.1527(e) provides that the Social Security Administration "will not give any special significance to the source of an opinion on issues reserved to the Commissioner," such as the RFC.

As the ALJ noted, despite the alleged onset of August 1, 2001, the records of Vargiamis' treating doctor, Despina Tsirakoglou, D.O. ("Dr. Tsirakoglou"), did not include a complaint of back pain until Vargiamis was hospitalized on April 24, 2002. (Tr. 12 ¶ 5; 79-85; 113-15). Although the record reflects Vargiamis received an epidural injection in May of 2002 with good results, it does not include any further treatment or evaluations for the purpose of treatment.[3] (Tr. 12 ¶ 5; 112).

20 C.F.R. § 404.1527(d)(3) also provides that for nonexamining sources, the weight given "will depend on the degree to which they provide supporting explanations for their opinions." The ALJ rejected those findings of the medical consultant because the ALJ found "[t]he reviewer failed to include any meaningful rationale for the findings." (Tr. 14 ¶ 2). The medical consultant noted the Vargiamis could walk and stand without difficulty, had full range of motion of his lumbar and cervical spine, a negative straight leg raise, could care for himself and maintain his home, did not require an assistive device to ambulate, and had merely had routine and conservative treatment. (Tr. 131). Because these results were not consistent with Vargiamis' alleged limitations, the medical consultant found Vargiamis to only be partially credible. (Id). As the ALJ determined, these findings do not explain why the medical consultant found Vargiamis was limited to sedentary work and could only occasionally perform postural activities. Thus, the ALJ did not err in rejecting the medical consultant's opinion, because the medical consultant failed to provide a logical explanation for his determinations and substantial evidence did not support the medical consultant's findings.

As for the opinion of Dr. Chinta, the ALJ stated he found "no basis" for the doctor's conclusions regarding Vargiamis' ability to lift and carry and perform postural activities. (Tr. 14 ¶ 4). As the ALJ observed, the doctor found Vargiamis had full range of motion in all tested joints, Vargiamis had a mild muscle spasm, no tenderness, no difficulty putting on or taking of his shoes and pants, and no difficulty climbing on and off the examination table. (Id; 120-23). Because the medical evidence in the record did not support the examiner's findings that were rejected by the ALJ, the ALJ did not err in rejecting those findings.

Thus, the ALJ's decision to reject the medical consultant's and the examiner's opinions regarding Vargiamis' alleged postural limitations and inability to perform the full

---

[3]However, the court notes that Vargiamis testified that he takes Flexeril for his back two to three times a day and gets epidurals every six months. (Tr. 138).

range of light work was supported by the record.[4]

   B. Vargiamis also argues that the ALJ erred in failing to find him functionally illiterate. 20 C.F.R. § 404.1564(b)(1) provides that a person is considered illiterate if that person "cannot read or write a simple message such as instructions or inventory lists" and generally has had little or no formal schooling. A person is considered to have had marginal education if the person has the "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs" and generally a sixth grade education or less. Id. Vargiamis testified that he completed sixth grade in Greece[5] in a small village of 500 people, which his attorney at the hearing asserted was "less than limited" education.[6] (Tr. 142; 145). Although Vargiamis initially testified that he could not read English at all, he later clarified that he could read newspaper headlines. (Tr. 136). In his disability report, Vargiamis indicated that he could speak and read English and could write more than his name in English. (Tr. 54). For twenty years, Vargiamis worked as an auto body technician, which is considered a skilled job according to the Dictionary of Occupational Titles, code 807.381-010. (Tr. 136). However, Vargiamis testified that his brother helped him at work, since they were partners. (Id). In applying the C.F.R., it has been noted that, "All that is required is the ability to read and write well enough to perform a job requiring few skills." Batts v. Barnhart, No. 01-507, 2002 WL 862575, at * 5 (E.D. Pa. May 3, 2002); See also Green v. Apfel, No. 00-487, 2001 WL 233184, at * 1-2 (E.D. Pa. Mar. 5, 2001) (The court found a man with a sixth grade education literate, who testified that he could not read well and could not read a newspaper, but could handle bills and paperwork with the help of his mother.). Thus, although it is a close call, substantial evidence supports the ALJ's finding of marginal education. As for Vargiamis' argument that there should be a supplemental hearing to develop more relevant evidence, there is no reason to give his attorney another opportunity to introduce evidence which he could have introduced at the first hearing when there is substantial evidence to support the ALJ's finding. See Batts v. Barnhart, No. 01-507, 2002 WL 32345745, at *8 (E.D. Pa. Mar. 29, 2002).

   C. Vargiamis asserts the ALJ failed to follow the appropriate procedure in assessing borderline age situations. 20 C.FR. § 404.1563(b) provides, "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." At the time of the ALJ's decision, Vargiamis was classified as a "younger individual," however, he was within a month of reaching the "closely approaching advanced age" classification. See 20 C.F.R. § 404.1563(c)-(d). The ALJ found that Vargiamis was a younger individual, with a marginal education, whose skilled job skills[7] were not

---

[4]Vargiamis also argues that the ALJ erred in failing to obtain the testimony of a VE, since he alleges he had non-exertional impairments, and, therefore, the grids could not be relied upon. Since the ALJ's rejection of the alleged non-exertional impairments was supported by substantial evidence, the ALJ did not err in not calling a VE and relying on the grids. See 20 C.F.R. Pt. 404, Subpart P, App.2 § 200.00.

[5]Although an interpreter was available at the hearing, Vargiamis did not use the interpreter until more than half way through the hearing when instructed to do so by his attorney. (Tr. 141-42).

[6]The court notes that the classification of "less than limited" is consistent with the ALJ's finding of marginal education.

[7]The ALJ did not specifically note that Vargiamis' work as an auto body mechanic for 20 years was skilled, he merely noted Vargiamis' job skills were not transferrable. (Id). However, even if Vargiamis was considered to have previously held an unskilled job and/or be closely approaching advanced age, with the ALJ's finding of

3

transferrable. (Tr. 15 ¶ 3). Pursuant to Medical-Vocational Rule 202.18,[8] the ALJ determined Vargiamis was not disabled. (Id). If the ALJ had considered Vargiamis to be "closely approaching advanced age" he would have applied Medical-Vocational Rule 202.11, which also dictates a finding of not disabled. Since using the older age category would not affect the outcome of the case, it was not necessary to consider whether the older age category should have been applied. Thus, any error in failing to discuss the borderline age situation was harmless. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case).

       5.     Because the decision of the ALJ was supported by substantial evidence and is legally sufficient, the decision of the Commissioner must be affirmed.

       An appropriate Order follows.

---

marginal education, the Medical-Vocational Rules would still dictated a finding of not disabled. See Medical-Vocational Rules 202.10, 202.17.

[8]The ALJ actually referred to Medical-Vocational Rule 202.28, which does not exist. It is clear from applying the ALJ's findings that he used Medical-Vocational Rule 202.18.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KOSMAS VARGIAMIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1014 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 5th day of November, 2007, upon consideration of the brief in support of review filed by plaintiff and the response thereto (Doc. Nos. 10 and 12) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. The motion for summary judgment filed by Kosmas Vargiamis is **DENIED**;

2. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

3. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.